UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA – LAKE CHARLES DIVISION

| | |
|---|---|
| LEGACY HOUSING CORPORATION | CIVIL ACTION NO. |
| Plaintiff, | |
| VERSUS | JAMES D. CAIN, JR. |
| COUNTRY AIRE MHP LLC, ROBERT T. HUTSON II, WILLIAM C. RODWELL, and ERIC B. WOOTEN | MAGISTRATE JUDGE: THOMAS P. LEBLANC |
| Defendants. | |

**PLAINTIFF LEGACY HOUSING CORPORATION'S COMPLAINT
FOR BREACH OF CONTRACT, FORECLOSURE, AND SEQUESTRATION**

Plaintiff Legacy Housing Corporation files this complaint for breach of contract, foreclosure, and sequestration against defendant Country Aire MHP, LLC, alleging as follows:

## PARTIES

1. Plaintiff Legacy Housing Corporation ("Legacy") is a Texas corporation with its principal place of business at 1600 Airport Freeway, Suite 100, Bedford, Texas 76022. Legacy is therefore a citizen of Texas.

2. Defendant Country Aire MHP, LLC is a limited liability company, the members of which are persons domiciled in Mississippi. Country Aire MHP is therefore a citizen of Mississippi.

3. No member of Country Aire MHP is a citizen of Texas, which means Country Aire MHP is *not* a citizen of Texas.

4. Defendant Robert T. Hutson, II is a person domiciled in the state of Florida. Hutson is therefore a citizen of Florida. Hutson personally guaranteed the loan at issue in this case.

5. Defendant William "Bill" C. Rodwell is a person domiciled in the state of Mississippi. Rodwell is therefore a citizen of Mississippi. Rodwell is the managing member of Country Aire MHP and also personally guaranteed the loan at issue in this case.

6. Defendant Eric B. Wooten is a person domiciled in the state of Mississippi. Wooten is therefore a citizen of Mississippi. Wooten personally guaranteed the loan at issue in this case.

## JURISDICTION

7. This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332(a) because there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest or costs.

8. There is complete diversity because the plaintiff, Legacy, is a Texas citizen, and *none* of the defendants are Texas citizens. All of the defendants are citizens of states other than Texas.

9. This Court has personal jurisdiction over defendants because they regularly conduct business in Louisiana.

10. Country Aire MHP, through Rodwell as its managing member, borrowed $1,760,549.93 from Legacy for the purpose of buying mobile homes and establishing a mobile home community in Lake Charles.

11. Country Aire MHP also secured its loan with a mortgage in favor of Legacy on property in Lake Charles.

12. The Court's exercise of personal jurisdiction over defendants will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

## VENUE

13. Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in the Western District of Louisiana because the property that is the subject of this action is situated in Lake Charles.

## FACTS

14. Legacy builds, sells, and finances manufactured mobile homes that are distributed through a network of independent retailers and company-owned stores throughout the United States.

15. On April 8, 2022, Country Aire MHP, through Rodwell as its managing member, entered into a promissory note with Legacy.

16. The April 8, 2022 promissory note is attached to, and incorporated into, this complaint as **Exhibit A**.

17. The promissory note has a maturity date of April 8, 2024.[1]

18. According to the terms of the promissory note, Legacy, as Lender, loaned Country Aire MHP $1,725,696.26.[2]

19. Country Aire MHP also agreed to pay Legacy a "loan fee" of $34,853.67, bringing the total principal amount of Legacy's loan to Country Aire MHP to $1,760,549.93.[3]

20. According to the terms of the promissory note, so long as Country Aire MHP is making regular loan payments and in good standing on its loan, the interest rate applicable to all amounts due under the note is 8% per annum.[4]

21. But if Country Aire MHP is late on any payment due under the note, the applicable

---

[1] Exh. A at 1 ("Maturity Date").

[2] *Id.* at ¶ 1 ("Promise to Pay").

[3] *Id.* at 1 ("Principal Amount") and ¶ 2 ("Loan Fee").

[4] *Id.* at 2 ¶ 5(b) ("Computation of Interest").

interest rate is 17.5% per annum until Country Aire MHP brings the note current.[5]

22. The note required Country Aire MHP to make monthly interest payments, starting on May 15, 2022, and continuing through April 8, 2024, the maturity date.[6]

23. On the maturity date of April 8, 2024, the entire remaining principal balance and all accrued-but-unpaid interest became due and payable.[7]

24. The promissory note requires any modification by amendment, extension, or renewal to be in writing and agreed on by both parties.[8]

25. The terms of the note were never modified.

26. Legacy never agreed to any written amendment, extension, or renewal of the note.

27. The note is secured by a mortgage, personal guaranty, and cross-collateralization agreement.[9]

28. The mortgage between Country Aire MHP (as first mortgagor) and Legacy (as first mortgagee), as recorded in the Calcasieu Parish mortgage and conveyance records, is attached to, and incorporated into, this complaint as **Exhibit B.**

29. Country Aire MHP mortgaged the following property—together with all buildings or improvements; all rights, ways, privileges, servitudes and appurtenances; and all cooling, heating, plumbing and lighting fixtures and equipment attached or used in connection with the property—in favor of Legacy:

> THE WEST 177.97 FEET OF LOT 7 AND 8 AND 9 OF NATALI HEIRS PARTITION IN SECTION 6, TOWNSHIP 10 SOUTH, RANGE 7 WEST, CALCASIEU PARISH, LESS PARCEL OR PARCELS SOLD TO STATE OF

---

[5] *Id.* at ¶ 5(c).

[6] *Id.* at ¶ 6 ("Payment of Principal and Interest").

[7] *Id.*

[8] *Id.* at 2 ¶ 10 ("Amendments to Note").

[9] *Id.* at 3 ¶ 13 ("Security").

4

LOUISIANA.

COMMENCING AT THE SOUTHEAST CORNER OF LOT 18 OF THE NATALI HEIRS PARTITION IN SECTION 6, TOWNSHIP 10 SOUTH, RANGE 7 WEST, CALCASIEU PARISH, LOUISIANA, THENCE NORTH 1262.0 FEET ALONG THE EAST LINE OF LOTS 18 AND 17 OF SAID PARTITION TO THE NORTHEAST CORNER OF LOT 17, THENCE EAST 78.0 FEET, THENCE SOUTH 1262.0 FEET, THENCE WEST 78.0 FEET TO THE POINT OF COMMENCEMENT; AND COMMENCING AT THE SOUTHEAST CORNER OF THE NORTHWEST QUARTER OF SECTION 6,TOWNSHIP 10 SOUTH, RANGE 7 WEST, THENCE WESTERLY ALONG THE SOUTH LINE OF THE NORTHWEST QUARTER OF SECTION 6, A DISTANCE OF 845.1 FEET TO THE POINT OF BEGINNING, THENCE NORTH 89 DEGREES 47 MINUTES WEST A DISTANCE OF 33.5 FEET, THENCE NORTH 00 DEGREES 00 MINUTES EAST A DISTANCE OF 1262.0 FEET, THENCE SOUTH 89 DEGREES 47 MINUTES EAST A DISTANCE OF 41.5 FEET, THENCE SOUTH 00 DEGREES 22 MINUTES WEST A DISTANCE 1262.0 FEET TO THE POINT OF BEGINNING.

THE NORTH HALF (1/2) OF LOT 17 OF THE NATALI HEIRS PARTITION IN SECTION 6, TOWNSHIP 10 SOUTH, RANGE 7 WEST, LOUISIANA MERIDIAN; AND COMMENCING 177.97 FEET EAST OF THE NORTHWEST CORNER OF LOT 7 OF THE NATALI HEIRS PARTITION, THENCE SOUTH 35.0 FEET ON THE NORTH LINE OF LOT 8, THENCE SOUTH 59.88 FEET TO THE NORTH LINE OF LOT 9, THENCE SOUTH 143.15 FEET, THENCE EAST 1957.63 FEET MORE OR LESS TO THE EAST LINE OF LOT 9, THENCE NORTH 143.1 5 FEET TO THE SOUTH LINE OF LOT 8, THENCE NORTH 59.88 FEET TO THE SOUTH LINE OF LOT 7, THENCE NORTH 35.0 FEET TO THE NORTHEAST CORNER OF LOT 7, THENCE WEST 956.6 FEET TO THE SOUTHEAST CORNER OF LOT 18, THENCE NORTH 631.0 FEET TO THE SOUTHEAST CORNER OF LOT 17, THENCE NORTH 315.5 FEET TO THE NORTHEAST CORNER OF THE SOUTH HALF (1/2) OF LOT 17, THENCE WEST 591.0 FEET TO THE NORTHWEST CORNER OF THE SOUTH HALF (1/2) OF LOT 17, THENCE SOUTH 315.5 FEET TO THE NORTH WEST CORNER OF LOT 18, THE NCE SOUTH 631.0 FEET TO THE SOUTHWEST CORNER OF LOT 18, THENCE WEST 410.03 FEET ALONG THE NORTH LINE OF LOT 7 TO THE POINT OF COMMENCEMENT, NATALI HEIRS PARTITION IN SECTION 6, TOWNSHIP 10 SOUH, RANGE 7 WEST, CALCASIEU PAR1SH, LOUISIANA.

30.     According to the terms of the mortgage, Country Aire MHP acknowledged the

promissory note obligation that the mortgage secured and confessed judgment "if the obligation is

5

not paid in accordance with its terms."[10]

31. The personal guaranty is attached to, and incorporated into, this complaint as **Exhibit C.**

32. According to the terms of the personal guaranty, defendants Robert T. Hutson II, William "Bill" C. Rodwell, and Eric B. Wooten guaranteed to Legacy "the due, regular and punctual payment and prompt performance of all debts or obligations of any kind or character" that Country Aire MHP owed or owes Legacy.[11]

33. Hutson, Rodwell, and Wooten, as guarantors, acknowledged that they are "fully, completely, and individually liable for all of Country Aire's debts or obligations of any kind or character" owed or owing to Legacy.[12]

34. Other than payment and satisfaction of Country Aire's debts, Hutson, Rodwell, and Wooten expressly waived all potential defenses to their personal liability for Country Aire MHP's debts to Legacy.[13]

35. Hutson, Rodwell, and Wooten also expressly agreed to pay for all "reasonable court costs, attorneys' fees, and other expenses paid or incurred by Legacy" in enforcing the personal guaranty.[14]

36. The cross-collateralization agreement is attached to, and incorporated into, this complaint as **Exhibit D.**

37. In the cross-collateralization agreement, defendants Hutson, Rodwell, and Wooten,

---

[10] Exh. B at 4.

[11] Exh. B at 1.

[12] *Id.*

[13] *Id.*

[14] *Id.*

6

as borrowers, expressly agreed that each of them was an affiliate of the other, as well as an affiliate of Country Aire MHP, and related companies Gulf Stream Homes of LA, LLC and Country Aire Homes of LA, LLC.[15]

38. Hutson, Rodwell, and Wooten, as borrowers, also agreed that Legacy has the discretion to determine from whom among them to collect any outstanding debt.[16]

39. Hutson, Rodwell, and Wooten, as borrowers, also agreed that any event of default under any of the related loan documents (like the note, the mortgage, or the personal guaranty) is also an event of default under the cross-collateralization agreement and allows Legacy to declare the indebtedness of one, more, or all of the borrowers immediately due and payable or to bring any action or proceeding to enforce its rights under the loan documents.[17]

40. Hutson, Rodwell, and Wooten, as borrowers, also expressly waived any requirement for presentment, demand, notice of dishonor, protest, notice of acceleration, notice of intent to demand or accelerate payment or maturity, presentment for payment, notice of nonpayment, grace, and diligence.[18]

41. On April 8, 2024, Country Aire MHP owed Legacy $1,768,948.04.

42. On April 8, 2024, and as of the date of this filing, Country Aire MHP did not pay Legacy the outstanding amount due and payable under the note.

43. Instead, Country Aire MHP, through Amber Morgan, told Legacy that it was working to obtain "financing," thus conceding it could not pay the amount owed. A copy of

---

[15] Exh. D at 1 ¶ B ("Recitals").

[16] *Id.* at 3 ¶ 3(b).

[17] *Id.* at 4–5 ¶¶ 6(a) – (b) ("Remedies").

[18] *Id.* at 6 ¶ 10(a) ("Waivers").

Morgan's correspondence to Legacy is attached to, and incorporated into, this complaint as **Exhibit E**.

44. Country Aire MHP's failure to timely pay Legacy on April 8, 2024 is a breach and an event of default under the note.

45. Through the mortgage, Country Aire MHP confesses judgment on the note by its failure to pay.

46. As personal guarantors of Country Aire MHP's debt obligations under the note, Hutson, Rodwell, and Wooten are also in breach and in default of the personal guaranty.

47. Because an event of default under the note is an event of default under the cross-collateralization agreement, Country Aire MHP, Hutson, Rodwell, and Wooten are also in breach and in default of the cross-collateralization agreement.

48. According to the terms of the promissory note, if any amount due is not made within 10 days of its due date, then the amount payable is (1) the overdue amount, including all interest accrued on that amount, plus (2) a delinquency charge of 5% of the overdue amount.

49. Because neither Country Aire Homes, Hutson, Rodwell, nor Wooten paid Legacy $1,768,948.04 plus any accrued interest by Thursday, April 18, 2024, Country Aire Homes, Hutson, Rodwell, and Wooten now owe Legacy $1,861,436.05, which represents the principal amount as of April 8, plus accrued interest, plus the 5% delinquency charge.

50. Legacy now seeks to enforce its rights under all of the loan documents.

## CAUSES OF ACTION

**I.   Count I – Breach of Contract (against Country Aire MHP LLC, Robert Hutson, Wiliam Rodwell, and Eric Wooten)**

51. Legacy incorporates each and every allegation asserted in the previous paragraphs as if copied here.

52. Country Aire MHP executed the promissory note through which Country Aire MHP agreed to pay the principal amount stipulated in the note, plus interest as specified in the note on the unpaid principal balance.

53. Hutson, Rodwell, and Wooten personally guaranteed Country Aire MHP's obligations under the promissory note (in addition to "all debts or obligations of any kind") as described in paragraphs 31–33.

54. Hutson, Rodwell, and Wooten also agreed to pay all costs and fees relating to enforcing the personal guaranty and waived any potential defenses to their personal liability for Country Aire MHP's debt as described in paragraphs 34–35.

55. According to the plain and unambiguous terms of the promissory note, the failure to timely pay amounts owed under the note is an event of default.

56. Thus, default has occurred, and is still occurring.

57. Accordingly, Country Aire MHP, Hutson, Rodwell, and Wooten have breached their contractual duties and obligations, and Legacy is entitled to payment of all outstanding indebtedness, plus all other amounts, costs, expenses, and attorneys' fees for which Country Aire MHP, Hutson, Rodwell, and Wooten are responsible under the note and personal guaranty.

58. Legacy therefore requests a judgment in its favor against Country Aire MHP, Hutson, Rodwell, and Wooten for the amount due and owing Legacy, currently totaling $1,861,436.05, with interest accruing day by day according to the terms of the note.

**II.     Count II – Judgment of Foreclosure (against Country Aire MHP LLC, as Mortgagor)**

59. Legacy incorporates each and every allegation asserted in the previous paragraphs as if copied here.

60. Country Aire MHP defaulted under the terms of its promissory note by failing to pay the outstanding amount on April 8, 2024.

61. Accordingly, Country Aire MHP owes Legacy at least $1,861,436.05. Legacy further requests that the mortgage described in paragraphs 28–30 be recognized and maintained on the property subject to the mortgage, and that said property be sold, without appraisal and according to law, at public auction to the highest bidder.

62. Legacy also requests that, from the proceeds of the sale, Legacy be paid in preference and priority to all other persons for its claim in accordance with the terms of the mortgage, and that the amount realized from said sale be credited to the amount that Country Aire MHP owes Legacy.

63. If the amount realized from the sale is not sufficient to cover the amount owed under the mortgage and the amount of the judgment requested herein, Legacy requests a deficiency judgment for any additional amount owed.

### III. Count III – Writ of Sequestration (against Country Aire Homes MHP LLC, Robert Hutson, Wiliam Rodwell, and Eric Wooten)

64. Legacy incorporates each and every allegation asserted in the previous paragraphs as if copied here.

65. Rule 64 of the Federal Rules of Civil Procedure authorizes this Court to utilize Louisiana state law remedies for seizing property to secure satisfaction of a potential judgment, including the remedy of sequestration pursuant to Articles 3571–76 of the Louisiana Code of Civil Procedure.

66. Louisiana Code of Civil Procedure article 3571 provides that when a plaintiff claims a security interest in certain property, and "if it is within the power of the defendant to conceal, dispose of, or waste the property or the revenues therefrom, or remove the property from the parish, during the pendency of the action," the Court may seize the property under a writ of sequestration to ensure its preservation.

67. The Collateral is within the possession of defendants, and it is within defendants' power to conceal, dispose of, or remove the Collateral, including the revenues therefrom—the rental income from the homes—from this district during the pendency of this suit.

68. Legacy has set forth the nature of its claim, the amount outstanding under the promissory notes, the grounds relied upon for the writ—Legacy's security interest in the Collateral granted by the promissory notes and security agreements—and that is it within the power of defendants to remove, waste, or dispose of the Collateral (mobile homes and rents from tenants residing in the same homes) from this district while this action is pending. As such, a writ of sequestration is appropriate.

69. Importantly, in seeking possession and title of the homes, and their rents and proceeds, Legacy does not plan to displace any residential tenants. Legacy intends to possess the Collateral to ensure proper ownership and management of the homes and for the overall benefit of the residents.

70. Given its security interest in the Collateral, Legacy requests that the bond required by Louisiana Code of Civil Procedure article 3574 be waived or set at a nominal amount.

**IV.    Count IV – Alter Ego and Veil Piercing Liability (Alternatively, against William Rodwell, as managing member of Country Aire MHP, LLC)**

71. Defendant William "Bill" Rodwell is managing member of Country Aire MHP, LLC.

72. Country Aire MHP acts through Rodwell's conduct and actions.

73. Rodwell is responsible for Country Aire MHP's failure to timely pay its debts to Legacy and resulting default under the promissory note.

74. Rodwell owns, manages, and operates other business ventures, which are also indebted to Legacy.

75. On information and belief, Rodwell and his other business ventures are also indebted to third parties not affiliated with Legacy.

76. On information and belief, rather than use rental and other income derived from the mortgaged property to pay Country Aire MHP's outstanding debt to Legacy, Rodwell has misused these funds for other purposes.

77. For example, Country Aire MHP has confessed that it is working to obtain "financing" through third parties to pay its outstanding debts to Legacy.

78. On information and belief, Country Aire MHP and Rodwell seek to misuse funds coming to Country Aire MHP that should be paid to Legacy as collateral or leverage to obtain even more loans and financing and commit itself to more debts to third parties.

79. Accordingly, Legacy alternatively requests this Court find Rodwell to be the alter ego of Country Aire MHP, LLC and pierce the LLC veil to hold Rodwell responsible for the foregoing causes of action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Legacy Housing Corporation, respectfully prays that a judgment be entered in its favor and against defendants Country Air Homes MHP, LLC, Robert T. Hutson II, William C. Rodwell, and Eric B. Wooten:

- (a) pursuant to Count I, declaring that defendants have defaulted under, and are in breach of, the terms of the promissory note and personal guaranty and that Legacy is entitled to collect all outstanding indebtedness, plus all other amounts, costs, expenses, and attorneys' fees for which defendants are responsible for under the note and personal guaranty.

- (b) pursuant to Count II, foreclosing on and selling the mortgaged property and any other secured collateral in partial satisfaction of defendants' outstanding indebtedness under the note and personal guaranty.

- (c) pursuant to Count III, granting Legacy a writ of sequestration with respect to the rental and other income derived from the mortgaged property and any other secured

    collateral, and that said writ remain in place pending the sale of the property and collateral or further order of the Court;

(d) pursuant to Count IV, in the alternative, piercing the veil of Country Aire MHP, LLC and finding Rodwell liable and responsible for the relief requested in the foregoing causes of action;

(e) awarding Legacy all costs, expenses, and fees, including all reasonable attorneys' fees, that it has incurred and will incur in this matter, plus pre-judgment and post-judgment interest; and

(f) awarding Legacy all other relief to which Legacy may be or is entitled at law or in equity or may deserve.

Respectfully submitted,

/s/ *Steven W. Usdin*
Steven W. Usdin, 12980
Chloé M. Chetta, 37070
Laura M. Blockman, 40705
BARRASSO USDISN KUPPERMAN
  FREEMAN & SARVER, L.L.C.
909 Poydras St., Suite 2350
New Orleans, Louisiana 70112
Telephone: (504) 589-9700
susdin@barrassousdin.com
cchetta@barrassousdin.com
lblockman@barrassousdin.com

*Counsel for Legacy Housing Corporation*