**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| LEGACY HOUSING CORPORATION | CIVIL ACTION NO. 2:24-cv-00525-JDC-DJA |
| Plaintiff | |
| VERSUS | JUDGE: JAMES D. CAIN, JR. |
| COUNTRY AIRE MHP LLC, et al | MAGISTRATE JUDGE: DAVID J. AYO |
| Defendants, | |

**MEMORANDUM IN SUPPORT OF ROBERT HUTSON'S AND ERIC WOOTEN'S MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION**

TABLE OF CONTENTS

TABLE OF AUTHORITIES ........ iii

SUMMARY OF ARGUMENT ........ 1

RELEVANT FACTUAL ALLEGATIONS ........ 1

LEGAL STANDARDS ........ 3

ARGUMENTS AND AUTHORITIES ........ 4

A. The Individual Defendants do not have the Required Minimum Contacts with Louisiana. 4

B. Personal Jurisdiction over Country Aire MHP Cannot be Imputed to Hutson and Wooten Solely Because They are Members of the LLC. 5

C. Contracts Made with a Texas Corporation Do Not Establish Personal Jurisdiction in Louisiana. 7

D. This Court Exercising Personal Jurisdiction over the Individual Defendants Would be Neither Fair nor Reasonable. 8

E. Legacy Has Not Alleged Contacts Sufficient to Justify the Exercise of General Jurisdiction over the Individual Defendants. 10

CONCLUSION ........ 10

# TABLE OF AUTHORITIES

**CASES** **Page(s)**

*Burger King v. Rudzewicz*,
471 U.S. 462 (1985) ... 6, 9, 11–12

*Cannon Mfg. v. Cudahy Packing Co.*,
267 U.S. 333 (1925) ... 7

*Dickson Marine, Inc. v. Panalpina, Inc.*,
179 F.3d 331 (5th Cir. 1999) ... 8

*Diece-Lisa Industries, Inc. v. Disney Enterprises, Inc.*,
176 F.3d 867 (5th Cir. 1999) ... 8

*Freundensprung v. Offshore Tech. Servs., Inc.*,
943 F.3d 239 (5th Cir. 2019) ... 4–5, 7–8, 10, 13

*Goodman Co., L.P. v. A & H Supply, Inc.*,
396 F.Supp.2d 766 (S.D. Tex. 2005) ... 9

*Ham v. La Cienega Music Co.*,
4 F.3d 413 (5th Cir. 1993) ... 5

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
466 U.S. 408 (1984) ... 13

*Holt Oil & Gas Corp. v. Harvey*,
801 F.2d 773 (5th Cir. 1986) ... 10

*Marathon Metallic Bldg. Co. v. Mountain Empire Constr.*,
653 F.2d 921 (5th Cir. 1981) ... 4, 11

*Miss. Interstate Express, Inc. v. Transpo Inc.*,
681 F.2d 1003 (5th Cir. 1982) ... 10

*Nuovo Pignone SpA v. Storman Asia M/V*,
310 F.3d 374 (5th Cir. 2002) ... 5

*Pace v. Cirrus Design Corp.*,
93 F.4th 879 (5th Cir. 2024) ... 5

*Pervasive Software, Inc. v . Lexware GmbH & Co. KG*,
688 F.3d 214 (5th Cir. 2012) ... 5

*Petroleum Helicopters, Inc. v. AVCO Corp.*,
513 So.2d 1188 (5th Cir. 1987) ....................4

*Product Promotions, Inc. v. Cousteau*,
495 F.2d 483 (5th Cir. 1974) ....................4

*Sangha v. Navig8 Ship Management Private Ltd.*,
882 F.3d 96 (5th Cir. 2018) ....................12–13

*Southmark Corp. v. Life Investors, Inc.*,
851 F.2d 763 (5th Cir. 1988) ....................8

*Stuart v. Spademan*,
772 F.2d 1185 (5th Cir. 1985) ....................7–8, 10

*Submersible Sys., Inc. v. Perforadora Central, S.A.*,
249 F.3d 413 (5th Cir. 2001) ....................13

*World-Wide Volkswagen Corp. v. Woodson*,
444 U.S. 286 (1980)....................11

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure and Local Rule 7.4, defendants Robert Hutson and Eric Wooten[1] hereby submit the following memorandum in support of their Rule 12(b)(2) Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction.

## SUMMARY OF ARGUMENT

Plaintiff Legacy Housing Corporation ("Legacy") and Country Aire MHP LLC have a commercial relationship involving the purchase and financing of manufactured homes. Compl., ECF No. 1 ¶¶ 10, 14. Legacy alleges that Country Aire MHP borrowed funds from it to establish a mobile home community in Lake Charles, Louisiana. *Id.* ¶¶ 10. This litigation attempts to gain control of the land where the homes are located and on which Legacy claims it holds a mortgage. *Id.* ¶¶ 11–29.

The property is owned by Country Aire MHP and not the individual defendants. Nonetheless, Legacy has sued the individual defendants as well. It has done so despite the movant defendants—Hutson and Wooten—being residents of states other than Louisiana. Compl. ¶¶ 4, 6; Declarations of Robert Hutson and Eric Wooten. In order to show personal jurisdiction over Hutson and Wooten, Legacy must impute personal jurisdiction over Country Aire MHP to them or rely on contracts entered into by Hutson and Wooten. But the LLC law of any relevant state recognizes that LLCs are entities separate from their members, and the contracts in question have no particular connection to Louisiana. Given that, Legacy cannot show personal jurisdiction over Hutson or Wooten.

## RELEVANT FACTUAL ALLEGATIONS

[1] Legacy alleges the fourth individual defendant, William Rodwell, lives in Mississippi. Compl. ¶ 5. Rodwell in fact lives in Louisiana and does not join this motion. Nor does the remaining defendant, Country Aire MHP LLC, join this motion.

Legacy "builds, sells, and finances manufactured mobile homes." Compl. ¶ 14. It alleges that Country Aire MHP borrowed money from Legacy for the purpose of buying mobile homes and establishing a mobile home community. *Id.* ¶ 10. As a part of this transaction, Legacy alleges that Country Aire MHP entered into a promissory note (the "Note") with Legacy. *Id.* ¶ 15. Legacy also alleges it holds a mortgage encumbering Country Aire MHP giving it a right to foreclose on the property. *Id.* ¶¶ 27-30.

Legacy alleges that the individual defendants signed personal guarantees for the money that Legacy alleges it is owed by Country Aire MHP. *Id.* ¶ 32. Legacy also alleges they signed a cross-collateralization agreement. *Id.* ¶ 35.

Legacy alleges that the loan secured by the mortgage has matured and is due in full. *Id.* ¶ 23. It further alleges that "Country Aire MHP did not pay Legacy the outstanding amount due and payable under the" Note, as of April 8. Compl. ¶ 42. Legacy does not allege that it is under secured.

Legacy is incorporated in Texas and has its principal place of business in Texas. *Id.* ¶ 1. Legacy alleges the domicile of the members of the defendants, including the individual defendants, in order to show complete diversity for the purposes of establishing subject matter jurisdiction. *Id.* ¶¶ 2–6. Legacy incorrectly alleges that Country Aire MHP and Rodwell are residents of Mississippi. *Id.* ¶¶ 2–3, 5.[2]

Legacy alleges that the other defendants are residents of either Mississippi (Wooten) or Florida (Hutson). *Id.* ¶¶ 4,6. Notwithstanding their lack of residency in Louisiana, Legacy alleges

---

[2] Legacy alleges that "Rodwell is the managing member of Country Aire MHP." Compl. ¶ 5. As Rodwell is a resident of Louisiana, Country Aire MHP is also a citizen of Louisiana, along with every other state where its members reside.

"[t]his Court has personal jurisdiction over the defendants because they regularly conduct business in Louisiana." *Id.* ¶ 9.

Legacy's Complaint includes four causes of action: "Count I – Breach of Contract (against Country Aire MHP LLC, Robert Hutson, William Rodwell, and Eric Wooten)," "Count II – Judgment of Foreclosure (against County Aire MHP LLC, as Mortgagor)," "Count III – Writ of Sequestration (against Country Aire Homes MHP LLC, Robert Hutson, William Rodwell, and Eric Wooten)," and "Count IV – Alter Ego and Veil Piercing Liability (Alternatively, against William Rodwell, as managing member of Country Aire MHP, LLC)." *Id.* ¶¶ 51–79.

**LEGAL STANDARDS**

Under Fifth Circuit precedent, for a court in this circuit to have personal jurisdiction, "(1) the defendant sought to be sued must have had some minimum contact with the forum state, contact that results from an *affirmative* act of that defendant; *and* (2) it must be fair and reasonable to require the defendant to come into the state and defend the action." *Marathon Metallic Bldg. Co. v. Mountain Empire Constr. Co.*, 653 F.2d 921, 923 (5th Cir. 1981) (relying on *Product Promotions, Inc. v. Cousteau*, 495 F.2d 483, 494 (5th Cir. 1974)) (emphasis added). Minimum contacts exist only "when (1) the defendant purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; *and* (2) the controversy arises out of or is related to the defendant's contacts with the forum state." *Freundensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 343 (5th Cir. 2004) (emphasis added). "The limits of the Louisiana Long-arm Statute and the limits of constitutional due process are now coextensive." *Petroleum Helicopters, Inc. v. AVCO Corp.*, 513 So.2d 1188, 1192 (5th Cir. 1987).

General jurisdiction is only available "[w]hen a cause of action does not arise out of a foreign defendant's purposeful contacts" and "the defendant has engaged in 'continuous and

systematic contacts' in the forum." *Freundensprung*, 379 F.3d at 343 (quoting *Nuovo Pignone, SpA v. Storman Asia M/V*, 310 F.3d 374, 378 (5th Cir. 2002)).

In this Circuit, "[t]he district court usually resolves the jurisdictional issue without conducting a hearing." *Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993). Plaintiffs bear the burden of making allegations sufficient to establish the Court's personal jurisdiction over defendants. *Id.*

## ARGUMENTS AND AUTHORITIES

### A. The Individual Defendants do not have the Required Minimum Contacts with Louisiana.

The Individual Defendants lack the minimum contacts necessary for this Court to establish personal jurisdiction over a non-resident. "For a court to issue a binding judgment against a defendant, it must have both subject matter and personal jurisdiction over the defendant." *Pace v. Cirrus Design Corp.*, 93 F.4th 879, 894 (5th Cir. 2024) (citing *Pervasive Software, Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 231–32 (5th Cir. 2012)).

Legacy does not allege that Hutson or Wooten reside in Louisiana. *See* Compl. ¶¶ 4, 6 (alleging that Hutson lives in Florida and Wooten lives in Mississippi). Legacy does not allege that Hutson or Wooten borrowed any money from it. *See id.* ¶ 15 (alleging that "Country Aire MHP . . . entered into a promissory note with Legacy"). Legacy does not allege that Hutson or Wooten executed or are makers of the Note Legacy does not allege that Hutson or Wooten have refused to pay. *See id.* ¶ 43 ("Country Aire MHP, through Amber Morgan, told Legacy that it was working to obtain [refinancing]…"). Legacy has not shown that Hutson or Wooten "reached out beyond one state" to "purposefully direct" its activities at residents of Louisiana. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 (1985).

Hutson's and Wooten's personal contacts with the state of Louisiana are slim to none. Neither regularly does business in Louisiana. Decls. of Hutson and Wooten. Hutson's and Wooten's contacts with the state of Texas are greater, *and they moved to dismiss for lack of personal jurisdiction in Legacy's suit against them there as well*. Individual Defs.' Mot. to Dismiss, *Legacy Housing Corp. v. Rodwell*, No. 4:24-cv-00096 (N.D. Tex. April 1, 2024), ECF No. 38. In *that* litigation, Legacy based its arguments on what it characterized as "Texas' significant and indispensable role in the parties' relationships." Pl.'s Resp. to Individual Defs.' Mot. to Dismiss, *Legacy Housing Corp. v. Rodwell*, No. 4:24-cv-00096 (N.D. Tex. April 22, 2024), ECF No. 57, at 7. It is on the membership interests that Hutson and Wooten hold in the Country Aire MHP that Legacy must rely in its attempts to (again) hale them into out-of-state court as a litigation tactic.

### B. Personal Jurisdiction over Country Aire MHP Cannot be Imputed to Hutson and Wooten Solely Because They are Members of the LLC.

Legacy does not allege that Hutson or Wooten are members of Country Aire MHP. *See* Compl. ¶¶ 2–6 (only alleging that Rodwell is a member of Country Aire MHP). Even if Hutson and Wooten are members of Country Aire MHP, an LLC owning property in Louisiana does not automatically subject each and every one of its members to being haled into court in Louisiana. Generally, "the proper exercise of personal jurisdiction over a nonresident . . . may not be based solely upon the contacts with the forum state of another . . . entity with which the defendant may be affiliated." *Freundensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 346 (5th Cir. 2004) (relying on *Cannon Mfg. Co. v. Cudahy Packing Co.*, 267 U.S. 333, 335 (1925)).

Similarly, under the fiduciary-shield doctrine, "an individual's transaction of business within the state solely as a [entity] officer does not create personal jurisdiction over that individual

though the state has in personam jurisdiction over the [entity].” *Stuart v. Spademan*, 772 F.2d 1185, 1197 (5th Cir. 1985). Legacy has not made any specific allegations that Hutson or Wooten transacted business in Louisiana, though. Rather, it relies on “[t]he obverse of the fiduciary-shield doctrine . . . where courts attribute to an individual the [entity’s] contacts with the forum state.” *Id.* But the general rule remains “that jurisdiction over an individual cannot be predicated upon jurisdiction over a[n entity].” *Id.* This is true even for a wholly owned subsidiary. *Southmark Corp. v. Life Investors, Inc.*, 851 F.2d 763, 773–74 (5th Cir. 1988). The logic applies—only more strongly—to individuals who are non-managing members of a multi-member LLC. *See* Compl. ¶¶ 2–6 (alleging that Country Aire MHP has “members” (plural) and William Rodwell is its managing member but not alleging that Hutson and Wooten are members of Country Aire MHP, let alone managing members); *see also* Decls. of Hutson and Wooten.

Legacy has not alleged that Country Aire MHP is organized under the laws of Louisiana. Even if it were, that would not automatically establish personal jurisdiction over its members. This Circuit starts with a presumption of entity separateness that would defeat personal jurisdiction purely on the basis of a membership interest in even a resident entity. *Diece-Lisa Industries, Inc. v. Disney Enterprises, Inc.*, 943 F.3d 239, 346 (5th Cir. 2019) (relying on *Freundensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 346 (5th Cir. 2004)). The presumption that personal jurisdiction over an LLC may not be imputed to its members may be rebutted only by “clear evidence” that goes beyond the “mere existence of a [entity] relationship.” *Freundensprung*, 379 F.3d at 346 (relying on *Dickson Marine, Inc. v. Panalpina, Inc.*, 179 F.3d 331, 338 (5th Cir. 1999)).

Legacy hasn’t even come close.

### C. Contracts Made with a Texas Corporation Do Not Establish Personal Jurisdiction in Louisiana.

Lacking personal jurisdiction on the basis of investments made through an LLC, Legacy must instead rely on personal guarantees. Legacy alleges Hutson and Wooten (along with Rodwell) "guaranteed to Legacy 'the due, regular and punctual payment and prompt performance of all debts or obligations of any kind or character' that Country Aire MHP owed or owes Legacy." Compl. ¶ 32. Legacy also alleges Hutson and Wooten signed a cross-collateralization agreement. *Id.* ¶ 37. Legacy does not allege Hutson or Wooten entered into the Note, nor does it allege any role by Hutson and Wooten in subsequent events (beyond non-payment). Legacy does not allege that Hutson and Wooten "initiated the guaranty on behalf of" the Country Aire MHP. *Goodman Co., L.P. v. A & H Supply, Inc.*, 396 F.Supp.2d 766, 773 (S.D. Tex. 2005). Thus, Legacy has not shown that the Hutson and Wooten "reached out beyond one state" to "purposefully direct" their activities at residents of Louisiana. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 (1985). Among other reasons, this is true because Legacy is a citizen of *Texas*, not Louisiana. Compl. ¶ 1.

The Fifth Circuit "has repeatedly held that the combination of mailing payments to the forum state, engaging in communications related to the execution and performance of the contract, and the existence of a contract between the nonresident defendant and a resident of the forum are insufficient to establish the minimum contacts necessary to support the exercise of specific personal jurisdiction over the nonresident defendant." *Freundensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 344 (5th Cir. 2004) (citing *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 778 (5th Cir. 1986); *Stuart v. Spademan*, 772 F.2d 1185, 1192–94 (5th Cir. 1985)). Hutson and Wooten have even more limited contacts than that. They were guarantors, not makers, of the note. Compl. ¶¶ 32–40. Legacy does not allege that Hutson and Wooten made any payments on behalf of any

of the loans they guaranteed. Even if they had, their "only performance—payment—was due and payable in Texas," not Louisiana. Pl's Resp. Individual Defs.' Mot. to Dismiss, *Legacy Housing Corp. v. Rodwell*, No. 4:24-cv-00096 (N.D. Tex. April 22, 2024), ECF No. 57, at 6.

Hutson and Wooten have *much* more limited contacts with Louisiana than that. Legacy is a citizen of *Texas*, not Louisiana. Compl. ¶ 1. The sorts of contacts discussed in *Freundensprung* as "insufficient to establish minimum contacts," 379 F.3d at 344, all took place in Texas, not Louisiana. According to Legacy, Texas "was the 'hub' of the parties' activities." Pl's Resp. at 6, *Legacy Housing Corp. v. Rodwell*, No. 4:24-cv-00096 (citing *Miss. Interstate Express, Inc. v. Transpo Inc.*, 681 F.2d 1003, 1007 (5th Cir. 1982)). The Note includes a choice of law provision stating that it "shall be governed by, and construed and interpreted in accordance with, the law of the State of Texas," not Louisiana. Compl., Ex. A, ECF No. 1.2, at 3. The cross-collateralization agreement includes a choice of law provision stating that it "will be governed by and construed in accordance with the laws of the State of Texas," not Louisiana. *Id.*, Ex. D, ECF No. 1.5, at 6. Given Hutson's and Wooten's limited role in these contracts and given how Texas-centric they are—as Legacy itself admits—they do not establish personal jurisdiction.

### D. <u>This Court Exercising Personal Jurisdiction over the Individual Defendants Would be Neither Fair nor Reasonable.</u>

This Court only has personal jurisdiction over Hutson and Wooten if they have both minimum contacts with Louisiana, *and* it would be "fair and reasonable to require the defendant to come into the state and defend the action." *Marathon Metallic Bldg. Co. v. Mountain Empire Constr. Co.*, 653 F.2d 921, 923 (5th Cir. 1981) (emphasis added). Hutson and Wooten lack those minimum contacts, but even if they existed, it would still not be fair and reasonable to hale them into court in Louisiana. And "minimum requirements inherent in the concept of 'fair play and

substantial justice' may defeat the reasonableness of jurisdiction even if the defendant has purposefully engaged in forum activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477–78 (1985) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980)).

This Circuit applies a five-factor balancing test that considers:

> (1) the burden on the nonresident defendant of having to defend itself in the forum, (2) the interests of the forum state in the case, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in the most efficient resolution of controversies, and (5) the shared interests of the states in furthering fundamental social policies.

*Sangha v. Navig8 Ship Management Private Ltd.*, 882 F.3d 96, 102 (5th Cir. 2018) (relying on *Burger King Corp. v. Rudzewicz*, 471 U.S. 477 (1985)).

Neither Hutson nor Wooten lives in Louisiana, Compl. ¶¶ 4, 6; Declarations of Mr. Hutson and Mr. Wooten, and it would be burdensome for them to litigate outside the state of their domicile. Legacy itself has acknowledged that flying to Lake Charles is inconvenient, as Legacy notes in its Sur-Reply in the N.D. Texas case. Pl.'s Sur-Reply to Individual Defs.' Mot. to Dismiss, *Legacy Housing Corp. v. Rodwell*, No. 4:24-cv-00096 (N.D. Tex. May 22, 2024), ECF No. 68, at 4. Legacy itself argues that the interests of Louisiana in this dispute are slight in the N.D. Texas litigation, asserting that it is *Texas*, not Louisiana, that plays a "significant and indispensable role in the parties' relationships." Pl.'s Resp. to Individual Defs.' Mot. to Dismiss, *Legacy Housing Corp. v. Rodwell*, No. 4:24-cv-00096 (N.D. Tex. April 22, 2024), ECF No. 57, at 7. Legacy's willingness to file suit in multiple jurisdictions demonstrates that not haling Hutson and Wooten into out-of-state court will not stymie Legacy "in obtaining convenient and effective relief." *Sangha*, 882 F.3d at 102. "[T]he interstate judicial system's interest in the most efficient resolution of controversies" will be advanced by allowing this litigation to proceed on the merits against the true parties in interest—Country Aire MHP and other LLCs sued in other lawsuits—without Legacy's

inequitable litigation tactic of suing individuals purely to put pressure on them. No "shared interests of the states in furthering fundamental social policies," *id.*, are implicated here.

### E. Legacy Has Not Alleged Contacts Sufficient to Justify the Exercise of General Jurisdiction over the Individual Defendants.

Nor has Legacy made allegations sufficient to demonstrate that Hutson and Wooten "had sufficient minimum contacts with [Louisiana] to justify the exercise of general jurisdiction over" them. *Freundensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 345 (5th Cir. 2004). General jurisdiction requires the nonresident defendant to have contacts with the forum (other than those related to Legacy's causes of action) that "are sufficiently 'continuous and system[atic]' to satisfy due process requirements." *Id.* (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 417 (1984)). This test "is a difficult one to meet, requiring extensive contacts between a defendant and a forum." *Submersible Sys., Inc. v. Perforadora Central, S.A.*, 249 F.3d 413, 419 (5th Cir. 2001). Legacy has not alleged that either Hutson or Wooten have continuous and systematic contacts with Louisiana. Neither regularly conducts business in Louisiana. Declarations of Mr. Hutson and Mr. Wooten.

## CONCLUSION

For the foregoing reasons, the motion should be granted, and Legacy's claim should be dismissed.

Respectfully submitted,

*/s/ Eliyahu Ness*
Eliyahu "Eli" Ness
NESS PLLC
3232 McKinney Ave., Ste. 500
Dallas, TX 75204

*/s/ Van C. Seneca*
Billy E. Loftin, Jr.
Van C. Seneca
Loftin Law Group, LLC.
113 Dr. Michael DeBakey Dr.

Telephone - (469) 319-1355
eness@nesslegal.com

Lake Charles, LA 70601
Telephone - (337) 310-4300
Fax – (337) 310-4400
billy@loftinleblanc.com
van@loftinleblanc.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of May, 2024, I served the foregoing document by uploading it to the CM/ECF system which will send notification of such filing to all counsel of record for Plaintiff as follows:

Steven W. Usdin,
susdin@barrassousdin.com
Chloe M. Chetta,
cchetta@barrassousdin.com
Laura M. Blockman,
lblockman@barrassousdin.com
BARRASSO USDISN KUPPERMAN FREEMAN & SARVER, L.L.C.
909 Poydras St., Suite 2350 New Orleans, Louisiana 70112
*Counsel for Legacy Housing Corporation*

*/s/ Eliyahu Ness*
Eliyahu "Eli" Ness